IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DEBORAH THRELKELD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:15-CV-164-P-BL |
| UNITED STATES OF AMERICA, | § § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

This matter is before the Court on a Motion to Dismiss filed by Defendant United States of America. The U.S. District Judge referred this case to the undersigned U.S. Magistrate Judge for pretrial management, including the submission of a report and recommendation concerning dispositive motions. (Doc. 8). The Court recommends Defendant's Motion to Dismiss be granted.

Plaintiff Deborah Threlkeld filed this case pursuant to 28 U.S.C. §§ 2671, *et seq.*, commonly known as the Federal Tort Claims Act (FTCA). She alleged she slipped and fell in the United States Post Office in Breckenridge, Texas, and sustained injuries. Defendant responded by filing the instant motion, asserting because Threlkeld failed to exhaust her administrative remedies, this Court lacks jurisdiction to hear her claim. (Docs. 13, 14).

"A plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute; this is a jurisdictional requirement." *Farmer v. Louisiana Elec. & Fin. Crimes Task Force*, 553 F.App'x 386, 388 (5th Cir. 2014) (unpublished) (per curiam) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012)). "The FTCA is the exclusive waiver of sovereign immunity for tort claims against the United States or its agencies."

*Id.* (citing 28 U.S.C. §§ 1346, 2679(a), and *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013)).

Section 2675 of the FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). That is, the FTCA "conditions a court's jurisdiction on the plaintiff's compliance with [§ 2675(a)], which mandates that such a suit not be instituted until a plaintiff files an administrative claim with the appropriate federal agency and the claim is finally denied by that agency. *Farmer*, 553 F.App'x at 388 (citing *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995)).

Threlkeld asserts in her complaint that she "has filed a claim and has received a claim number from the appropriate agency of the United States." (Doc. 1, p. 2, para. 7). In her response to the instant motion, Threlkeld asserts she "was provided a claim number" from the United States Post Office. (Doc. 19, p. 1). The government has provided evidence that, as of October 28, 2015, no administrative tort claim has been filed by or on behalf of Threlkeld. (Doc. 14, pp. 6–7). Yet Threlkeld fails to produce such evidence to refute the government's contention. Threlkeld further fails to assert that her claim was "finally denied" by the Post Office.[1] She seems to argue that the Post Office was on notice of her claim and therefore the Court may entertain her suit. The plain language of the FTCA instructs otherwise. Administrative exhaustion requires a plaintiff to prove presentment and denial of the claim before a suit in federal court is instituted. 28 U.S.C. § 2675(a).

---

[1] Threlkeld neither asserts that the agency issued an affirmative denial of her claim, nor asserts that six months have elapsed following her submission of her claim with the agency failing to make final disposition. 28 U.S.C. § 2675.

It is not the case, as Threlkeld asserts, that exhaustion simply requires the agency's receipt of notice of the claim. In this case, Threlkeld has not shown that she has exhausted her administrative remedies under the FTCA. Therefore, under the plain language of the FTCA, this Court lacks jurisdiction to hear Threlkeld's complaint. 28 U.S.C. § 2675(a); *Price*, 69 F.3d at 54.

Lastly, Threlkeld asks this Court to stay or abate her case in lieu of dismissal while the administrative proceedings are completed. (Doc. 19). Courts have long refused this type of request as contrary to the language and intent of the FTCA. *See, e.g., Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *see generally McNeil v. United States*, 508 U.S. 106 (1993) (dismissal is the appropriate remedy when an FTCA plaintiff brings suit prior to the "clear statutory command" of exhausting administrative remedies).

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 13) be **GRANTED** and this case be **DISMISSED** for lack of jurisdiction.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated March 29, 2016.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**